## TUTTON v. STATE.
### No. 21987.

Court of Criminal Appeals of Texas.
March 11, 1942.

E. B. Lewis, of Center, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The unlawful transportation of whiskey in a dry area is the offense; the punishment, a fine of $100.

The facts do not reflect that Shelby County, where the offense was alleged to have been committed, was dry area within the meaning of the Texas Liquor Control Act. The State having so alleged in the indictment, it was under the burden of establishing such dry status.

We note also that the undisputed evidence shows that the whiskey alleged to have been transported by appellant was two pints, purchased under and in accordance with the laws of the State of .Louisiana, and brought into this state by appellant. Under the provisions of Sec. 4 of Art. 666—23a, Vernon's Ann.P.C., such transportation would not be unlawful, the amount of whiskey not exceeding a quart.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## MARSHALL v. STATE.
### No. 21990.

Court of Criminal Appeals of Texas.
March 11, 1942.

No attorney for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for passing a forged instrument. The punishment assessed is confinement in the state penitentiary for a period of three years.

The record is before us without bills of exception or a statement of facts. The indictment and all other matters of procedure appear to be in regular form.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.